WINNIPISEOGEE PAPER CO. & a. *v.* MARSH, Ex'x.

A grantee of land cannot recover against a former grantor with full covenants of warranty, expenses which he has incurred in a proceeding to set aside a collector's deed of the premises, made upon a sale for a tax assessed to the grantor before the execution of his deed of warranty, when it appears that the grantor had no notice of the proceeding, and the validity of the tax sale was not established.

APPEALS from the disallowance of claims against the estate of Sylvester Marsh, deceased, by the commissioner of insolvency.

*Daniel Barnard*, for the plaintiffs.

*Bingham & Mitchell*, for the defendant.

CLARK, J.  The plaintiffs, who are the owners of a tract of land in Crawford's Purchase, claim to recover of the estate of Sylvester Marsh, a former owner, and the grantor with covenants of warranty of the plaintiffs' grantor, expenses incurred in a proceeding instituted by them to annul a tax deed of Crawford's Purchase and Chandler's Purchase, given upon a sale for taxes assessed against Marsh previous to the conveyance by him to the grantor of the plaintiffs.  It appears that the suit to set aside the tax deed was instituted without notice to Marsh, and that neither he in his lifetime, nor his representative since his decease, was a party or was notified to become a party to it, and that the suit was settled by agreement of the parties by a decree that the tax deed be annulled and cancelled, and that no costs should be allowed to either party.  Upon these facts the plaintiffs' claim cannot be sustained.  It does not appear that there was any incumbrance upon the land when the action was commenced.  The validity of the adverse tax title has never been established in any way, and Marsh's estate cannot be charged with the costs and expenses of a suit commenced, prosecuted, and settled without direction or

authority from him.   Under these circumstances it is unnecessary
to consider whether under any circumstances the plaintiffs could
have maintained an action upon the covenants contained in
Marsh's deed to their grantor.

*Judgment for the defendant.*

ALLEN, J., did not sit: the others concurred.